UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE PEREZ | CIVIL ACTION |
| VERSUS | NO. 17-17243 |
| AL ROBINSON, WARDEN | SECTION: "G"(3) |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Jose Perez, is a state prisoner incarcerated at the Nelson Coleman Correctional Center in Killona, Louisiana. On November 3, 2016, he pleaded guilty to aggravated flight from an officer under Louisiana law and was sentenced to a term of six years imprisonment.[1] He thereafter filed a motion to reconsider sentence,[2] and that motion was denied on January 10, 2017.[3] On August 30, 2017, the Louisiana Fifth Circuit Court of Appeal then affirmed his conviction and sentence.[4] He did not seek direct review by the Louisiana Supreme Court.

---

[1] State Rec., Vol. 1 of 1, transcript of November 3, 2016; State Rec., Vol. 1 of 1, minute entry dated November 3, 2016; State Rec., Vol. 1 of 1, guilty plea form.
[2] State Rec., Vol. 1 of 1.
[3] State Rec., Vol. 1 of 1, transcript of January 10, 2017; State Rec., Vol. 1 of 1, minute entry dated January 10, 2017.
[4] State v. Perez, 227 So.3d 864 (La. App. 5th Cir. 2017); State Rec., Vol. 1 of 1.

On December 11, 2017, petitioner filed the instant federal application seeking habeas corpus relief.[5]  In support of his application, he asserts the following claims:

1. His trial counsel was ineffective for failing to argue that the treaty rights of petitioner, a Honduran nation, were violated;

2. His sentence is excessive; and

3. His treaty rights as a foreign national were violated.

The state filed a response conceding that petitioner's federal application is timely but arguing that his claims are procedurally barred from federal review because he failed to exhaust his remedies in the state courts.[6]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).

Here, petitioner asserted his instant claims to the Louisiana Fifth Circuit Court of Appeal on direct review, and those claims were denied by that court.  However, he did not then avail himself of his right to seek review of his claims by the Louisiana Supreme Court.  That is fatal, because the exhaustion requirement is generally satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest* court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Because

---

[5] Rec. Doc. 3.
[6] Rec. Doc. 9.

petitioner never presented his claims to Louisiana's highest state court, i.e. the Louisiana Supreme Court,[7] he failed to comply with the federal exhaustion requirement.

The United States Fifth Circuit Court of Appeals has held that "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claims are considered defaulted in federal court. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). In the instant case, there is little doubt that any new attempt by petitioner to exhaust his claims would be rejected by the state courts on procedural grounds. The Louisiana Supreme Court would reject as untimely any attempt to seek direct review by that court. See Louisiana Supreme Court Rule X, § 5(a) ("An application seeking to review a judgment of the court of appeal … after an appeal to that court … shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal …. No extension of time therefor will be granted."). Further, any attempt by petitioner to assert his claims on collateral review in a state post-conviction application would be rejected by the state courts as repetitive. See La. Code Crim. P. art. 930.4(A) ("Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.").

As a result, petitioner's unexhausted claims are procedurally barred from federal relief unless he demonstrates either that (1) both "cause" exists for his default and "prejudice" would result from the application of a procedural bar or (2) the Court's failure to address the claims would result in a "fundamental miscarriage of justice." See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004).

---

[7] See La. Const. art. V, § 5(A).

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Here, petitioner has made no effort whatsoever to establish cause for his default, and, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, his claims are barred from federal review unless the application of the procedural bar would result in a "fundamental miscarriage of justice." In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).

By entering his unconditional guilty plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted. Therefore, he would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, petitioner has presented no new evidence whatsoever to show that he did not in fact commit the crime of which he stands convicted. As a result, he has not met the "actual innocence" prong of the procedural bar analysis.

For these reasons, petitioner's claims are procedurally barred and should not be considered by this Court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Jose Perez be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this second day of April, 2018.

    DANIEL E. KNOWLES, III
    UNITED STATES MAGISTRATE JUDGE

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.